IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT KEVIN BOULDS, (TDCJ #1311781) | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. 4:17-cv-3704 |
| LORIE DAVIS,[1] Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

## MEMORANDUM AND ORDER

The petitioner, Robert Kevin Boulds, seeks a writ of habeas corpus to challenge a state court judgment under 28 U.S.C. § 2254. He has also filed a motion for leave to proceed *in forma pauperis*. After considering all of the pleadings, and the applicable law, the Court dismisses this case for reasons that follow.

I.  **Background**

Boulds is currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ) as the result of his 2005 conviction in Harris County Cause Number 996316. Boulds was convicted of aggravated sexual assault of a child under age 14 and sentenced to 50 years' imprisonment. The First Court of Appeals of Texas

---

[1] Boulds identifies Bryan Collier, Executive Director of the Texas Department of Criminal Justice as the respondent. Because Boulds is in custody of TDCJ - Correctional Institutional Division, the Court substitutes Director Lorie Davis as the proper respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

affirmed Boulds's conviction on direct appeal. *Boulds v. State*, No. 01–05–00596–CR, 2006 WL 2974301 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). Boulds has filed five applications for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure, all of which were dismissed or denied by the Texas Court of Criminal Appeals. *See Ex parte Boulds*, Application Nos. WR-72,089-01, WR-72,089-02, WR-72,089-03, WR-72,089-04, and WR-72,089-11.

In a federal habeas corpus petition dated November 30, 2017, Boulds contends he is entitled to relief because the indictment in his underlying case was never filed with the court, rendering his judgment of conviction void. Boulds asserts that the lack of a file stamp date on the indictment is proof that it was never filed.

Court records reflect that Boulds has filed two previous federal habeas corpus petitions to challenge his 2005 conviction for aggravated sexual assault of a child under age 14. *See Boulds v. Stephens*, Civil Action No. 4:16-cv-0535 (S.D. Tex. 2016) (petition dismissed as successive); *Boulds v. Thaler*, Civil Action No. 4:10-cv-1799 (S.D. Tex. 2011) (petition dismissed with prejudice on the merits).[2]

## II. Discussion

The pending petition filed by Boulds in this case is an unauthorized successive application under 28 U.S.C. § 2244(b). In that respect, before a second or successive application permitted by this section is filed in the district court, the applicant must move in

---

[2] The Court notes that state court records filed in this prior case demonstrate the indictment was filed and date stamped on October 29, 2004. (Docket Entry No. 10-27, at 39).

the appropriate court of appeals for an order authorizing the district court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A). If the pending petition qualifies as a successive writ, this Court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Rather, a later application is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ.'" *Id.*; *see also United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). Boulds fails to demonstrate why he could not have raised the instant claim in his original federal habeas petition. And court records reflect that Boulds raised a similar claim in his second federal habeas petition. *See Boulds*, Civil Action No. 4:16-cv-535, (Docket Entry No. 3, at 5), (asserting claim of actual innocence based on void indictment). Thus, the pending petition meets the second-or-successive criteria.

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte*. *See Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997). Because the pending petition is successive, Boulds is required to seek authorization from the Fifth Circuit before this Court can consider his application. *See* 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts

to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Absent such authorization, this Court lacks jurisdiction over the petition. *Id.* at 775. Accordingly, the petition must be dismissed as an unauthorized successive writ.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. *See* 28 U.S.C. § 2253. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

4

constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

## IV. Conclusion and Order

Based on the foregoing, the Court **ORDERS** as follows:

1. Boulds's motion for leave to proceed *in forma pauperis,* (Docket Entry No. 2), is **GRANTED**.

2. The habeas corpus petition is **DISMISSED** without prejudice for lack of jurisdiction as an unauthorized successive application.

3. A certificate of appealability is **DENIED**.

SIGNED at Houston, Texas, on DEC 1 9 2017.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE

5